Daniel, J.
This action was brought to recover damages for the failure of the defendant in error in certain particulars, to observe and perform a contract contained in written articles of agreement, not under seal, between him and the plaintiff in error, made and entered into previous to the formation of a partnership in the profits of a milling business. The declaration alleges a performance, on the part of the plaintiff, of every thing which it was his duty to perform, so far as he could act without the concurrence and co-operation of the defendant, a readiness to proceed to the full execution of the agreement, and a failure to comply on the part of the defendant. Several breaches are assigned, and among them is the failure and refusal of the defendant to submit to an arbitration of the differences between the parties, as provided for in the articles of agreement.
The declaration contained but one count; and to this the defendant filed a general demurrer, and assigned as the grounds thereof, two causes of demurrer.
1st. “ Because all the breaches assigned pertain to a partnership transaction between the plaintiff and the defendant, which has not yet expired or been dissolved, and which occurred since its commencement.”
2d. “ Because one of the breaches assigned is, that the defendant refused to refer to arbitration the matters in controversy, according to the terms of said alleged contract, for which no action lies.”
It is true that one partner cannot maintain an action at law against the firm, nor can t,he firm maintain an action against one of its members, so long as the relation between the parties subsists. Nor can one partner maintain an action against the other partners of the concern upon a contract entered into between him and *358 the firm. No one can he both plaintiff and defendant in the same action at law, nor can a suit be properly brought against certain individuals of a partnership, leaving out the others who compose it, upon a contract entered into with the firm.
But if a contract, though made concerning the partnership affairs, and in furtherance of the joint undertaking, is the individual contract of the partners who are parties to it; if it is made by them, in their own names and not in the name of the firm, the objection does not apply, Addison on Contracts 459.
Thus in the case of covenants and agreements between partners to contribute capital or labour to the joint stock of the copartnership, entered into by them in their own names with each other, each of the partners who neglects to fulfil his covenant is liable to an action at the suit of all the rest, for the joint damages sustained by them in respect thereof, inasmuch as the contract is the individual contract of the different parties who thereby agree to become partners. The covenant of each covenantor is, in contemplation of law, made with all the rest, excluding himself, and all the rest are joint tenants as against him; for if there be twenty partners, and one of them covenants with all the rest, he is, in that respect, several from them all, and they all joint against him. Ibid.
The articles upon which this suit is brought was entered into between the plaintiff and defendant as individuals, and though the breaches assigned are in respect of undertakings on the part of the defendant, from the due execution and performance of which, were, in part to arise, the anticipated profits in which the parties were to share as equal partners, the fact that the partnership still subsisted at the date of the writ presented no bar to the action.
The question sought to be presented, by the second cause assigned as ground of demurrer, does not arise. *359 The demurrer is a general demurrer. It goes to the whole count, and an objection which, if sustained, would not vitiate the whole count, cannot be thus made. The assignment of a special cause as ground of demurrer does not narrow the scope of the demurrer. The demurrer should have been to the particular breach, which, in the second assignment of causes, it is alleged was faulty. As the count contained, independent of the breach objected to, matter sufficient to sustain the action, the issue on the general demurrer ought to have been decided in favour of the plaintiff. Henderson v. Stringer, supra 130.
I am of opinion that the demurrer ought to have been overruled instead of being sustained by the Circuit court j and that the judgment of said court sustaining the demurrer and dismissing the plaintiff’s action should be reversed, with costs, and the cause remanded for further proceedings.
The other Judges concurred in the opinion of Daniel, J.
Judgment reversed.